IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY E. SMITH, | ) | No. C 12-04859 EJD (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) | |
| SERGEANT M. BLOISE, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner at San Quentin State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.     Plaintiff's Claims

Plaintiff states the sanitation and ventilation in the showers in his cell block are unhealthy due to drainage problems. A prison official said it would be repaired, but it was never fixed. Plaintiff provides no other information regarding the problem with the drainage. (Compl. at 3.) The complaint is dismissed with leave to amend for Plaintiff to describe in more detail how the drainage problem violated his Constitutional rights. The exhibits attached to Plaintiff's complaint also indicate that plaintiff has been moved to a different part of the prison without these problems.

The Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishments. "The Constitution does not mandate comfortable prisons, ... but neither does it permit inhumane ones." See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal citations and quotation marks omitted). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Id. Prison authorities may not deny prisoners "'the minimal civilized measure of life's necessities.'" Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Although the Eighth Amendment protects

1 against cruel and unusual punishment, this does not mean that federal courts can or
2 should interfere whenever prisoners are inconvenienced or suffer de minimis injuries.
3 See, e.g., Hudson v. McMillian, 503 U.S. 1, 9–10 (1992) (8th Amendment excludes from
4 constitutional recognition de minimis uses of force).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-04859 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 12/6/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY E SMITH,

        Plaintiff,

  v.

KEVIN CHAPELL et al,

        Defendant.

Case Number: CV12-04859 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Eugene Smith H-44485
San Quentin State Prison
San Quentin, CA 94964

Dated: December 6, 2012

                              Richard W. Wieking, Clerk
                              /s/ By: Elizabeth Garcia, Deputy Clerk