IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY E. SMITH, | ) | No. C 12-04859 EJD (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| SERGEANT M. BLOISE, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner at San Quentin State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983.  The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.  (Docket No. 6.)

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

Order of Dismissal
04859Smith_dsm.wpd                                1

liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

In the original complaint, Plaintiff stated the sanitation and ventilation in the showers in his cell block were unhealthy due to drainage problems.  A prison official said it would be repaired, but it was never fixed.  Plaintiff provided no other information regarding the problem with the drainage.  The complaint was dismissed with leave to amend for Plaintiff to describe in more detail how the drainage problem violated his Constitutional rights.

Unfortunately, Plaintiff has failed to cure the deficiencies cited in the Court's screening order in this amended complaint.  Plaintiff has just repeated the same allegations of the original complaint.  Plaintiff states that he filed a notice due to poor drainage, heating, plumbing, lighting and sanitation. (Am. Compl. at 3.)  The Defendant in this case, a correctional sergeant said it would be fixed, but it was not fixed.  (Id.)  Plaintiff seeks an inunction for the necessary repairs to be made.  (Id.)

Plaintiff is again informed that the Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishments. "The Constitution does not mandate comfortable prisons, ... but neither does it permit inhumane ones."  See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal citations and quotation marks omitted). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  Id.  Prison authorities may not deny prisoners "'the minimal civilized measure of life's necessities.'"  Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component

1  of an Eighth Amendment claim, a court must consider the circumstances, nature, and
2  duration of the deprivation. The more basic the need, the shorter the time it can be
3  withheld. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Although the Eighth
4  Amendment protects against cruel and unusual punishment, this does not mean that
5  federal courts can or should interfere whenever prisoners are inconvenienced or suffer de
6  minimis injuries. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9–10 (1992) (8th
7  Amendment excludes from constitutional recognition de minimis uses of force).

8       Plaintiff's amended complaint fails to state a claim as Plaintiff has simply again
9  said that there are poor conditions in the shower. Plaintiff was previously informed that
10 he needed to provide additional information to set forth an Eighth Amendment claim, but
11 he has failed to even attempt to provide such information. Thus, Plaintiff has again only
12 made an allegation of inconvenience which fails to set forth a constitutional violation. As
13 it is clear from both the original and amended complaint that further amendment would be
14 futile, this case is dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122,
15 1129 (9th Cir. 2000)

## CONCLUSION

17      For the foregoing reasons, the complaint is DISMISSED without leave to amend.

19 DATED: 1/28/2013

                            EDWARD J. DAVILA
                            United States District Judge

Order of Service; Directing Ds to file Disp. Motion
04859Smith_dsm.wpd      3